Robert Grasso, Jr. – Bar No. 015087
**GRASSO LAW FIRM, P.C.**
2430 West Ray Road, Suite 3
Chandler, Arizona 85224
Telephone (480) 730-5553
Facsimile (480) 730-2810
*rgrasso@grassolawfirm.com*
   Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| FIRST LIEUTENANT SHANNON E. FOUST, US Army, Individually and On Behalf of Statutory Beneficiaries, Brynn Foust D'Avello and Toni D. Foust,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF PAGE, an Arizona Municipality; CITY OF PAGE POLICE DEPARTMENT; a Municipal Entity; SHAWN WILSON and JANE DOE WILSON, husband and wife; CHARLES DENNIS and JANE DOE DENNIS, husband and wife; WILLIAM DIAK and JANE DOE DIAK, husband and wife; JOHN DOES 1-25; JANE DOES 1-25; BLACK CORPORATIONS 1-25; WHITE PARTNERSHIPS 1-26; and GRAY COMPANIES 1-25,<br><br>              Defendants. | Case No.  3:12-cv-08115-DGC<br><br>**ANSWER** |

Defendants City of Page, City of Page Police Department, Shawn Wilson, Jennifer Wilson, Charles Dennis, Barbara Dennis, William Diak, and Patricia Diak (Defendants), by and through undersigned counsel, answer Plaintiff's Complaint as follows.

**I. JURISDICTION AND VENUE**

1. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 1 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

2. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 2 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 2 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

3. Defendants admit, upon information and belief, that Toni D. Foust was the wife of William D. Foust at the time of the events discussed in Plaintiff's Complaint. Defendants do not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 3 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

4. Defendants admit, upon information and belief, that William D. Foust was a resident of the City of Page, Coconino County, Arizona at the time of the events discussed in Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 4 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

5. Defendants admit that the City of Page is an incorporated municipality located in Coconino County, Arizona with an approximate population of 7,000 residents. To the extent any of the allegations set forth in paragraph 5 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

6. Defendants admit that at the time of the events discussed in Plaintiff's Complaint, Defendant Shawn Wilson was a resident of the City of Page, Coconino County, Arizona. Defendants further admit that at the time of the events discussed in Plaintiff's Complaint, Defendant Shawn Wilson was employed by Defendant City of Page and his actions were within the scope of that employment. Defendants deny the remaining

allegations set forth in paragraph 6 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 6 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

7. Defendants admit that the Page Police Department is a department of Defendant City of Page. Defendants affirmatively allege that the "City of Page Police Department" is not a jural entity that can be sued. Defendants deny the remaining allegations set forth in paragraph 7 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 7 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

8. Defendants admit that at the time of the events discussed in Plaintiff's Complaint, Defendants Charles Dennis and Barbara Dennis were residents of the City of Page, Coconino County, Arizona. Defendants further admit that at the time of the events discussed in Plaintiff's Complaint, Defendant Charles Dennis was employed by Defendant City of Page as the Chief of Police. Defendants admit that when Defendant Charles Dennis took actions as the Chief of Police, those actions were taken within the scope of that employment. Defendants deny the remaining allegations set forth in paragraph 8 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 8 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

9. Defendants admit that at the time of the events discussed in Plaintiff's Complaint, Defendants Bill Diak and Patricia Diak were residents of the City of Page, Coconino County, Arizona. Defendants further admit that at the time of the events discussed in Plaintiff's Complaint, Defendant Bill Diak served as the Mayor of Defendant City of Page. Defendants deny the remaining allegations set forth in paragraph 9 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 9 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

10. Defendants object to the allegations set forth in paragraph 10 of Plaintiff's Complaint insofar as they constitute legal conclusions not susceptible of a responsive pleading. Notwithstanding this pleading deficiency, Defendants admit that on December 14, 2011, the City of Page City Clerk's Office received a copy of the letter dated December 13, 2011 from Jeff Bouma and Greg Clark that is attached as Exhibit A to Plaintiff's Complaint. Defendants further admit that on December 14, 2011, Defendants Shawn Wilson, Charles Dennis, and William Diak received a copy of the letter dated December 13, 2011 from Jeff Bouma and Greg Clark that is attached as Exhibit A to Plaintiff's Complaint. Defendants affirmatively allege that the letter speaks for itself. Defendants deny the remaining allegations set forth in paragraph 10 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 10 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

11. Defendants admit that Plaintiff's Complaint discusses events alleged to have occurred in the City of Page, Coconino County, Arizona. Defendants further admit that this Court has subject matter jurisdiction over this matter and that venue is proper in this Court.

## II. FACTUAL ALLEGATIONS, TO ALL COUNTS

12. Defendants admit that Plaintiff's Complaint is based on an incident where Defendant Shawn Wilson was forced to use deadly force because of the unlawful actions of William D. Foust. Defendants further admit that William D. Foust died on June 19, 2011. Defendants affirmatively allege that Defendant Shawn Wilson's use of force was reasonable and justified. Defendants deny the remaining allegations set forth in paragraph 12 of Plaintiff's Complaint. To the extent any of the allegations set forth in paragraph 12 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

13. Defendants admit that on June 19, 2011, Defendant Shawn Wilson responded by B & T Marine in response to a 911 call made by Toni Foust. Defendants deny the remaining allegations set forth in paragraph 13 of Plaintiff's Complaint, and affirmatively

- 4 -

allege that the recording of that 911 call speaks for itself. To the extent any of the allegations set forth in paragraph 13 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

14. Defendants admit that upon arrival at B & T Marine, Defendant Shawn Wilson entered through the front door and spoke with Toni Foust. Defendants deny the remaining allegations set forth in paragraph 14 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 14 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 15 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

16. Defendants deny the allegations set forth in paragraph 16 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 16 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

17. Defendants admit that at some point during the underlying events, William D. Foust re-entered the building. Defendants deny the remaining allegations set forth in

paragraph 17 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 17 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

18.     Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 18 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

19.     Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 19 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

20.     Defendants deny the allegations set forth in paragraph 20 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 20 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

21. Defendants admit that at some point during the underlying events, William D. Foust left the building, got into a pickup truck, and backed the pickup truck. Defendants deny the remaining allegations set forth in paragraph 21 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 21 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

22. Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 22 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

23. Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 23 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

24. Defendants deny the allegations set forth in paragraph 24 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To

the extent any of the allegations set forth in paragraph 24 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

25. Defendants deny the allegations set forth in paragraph 25 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 25 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

26. Defendants deny the allegations set forth in paragraph 26 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 26 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

27. Defendants deny the allegations set forth in paragraph 27 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 27 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

28. Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions.

Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 28 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

29. Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 29 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

30. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Complaint insofar as Plaintiff's recitation of the events as being factually inaccurate, a mischaracterization of events that occurred, and/or misleading because of material omissions. Defendants affirmatively allege that the video recording of the events speaks for itself. To the extent any of the allegations set forth in paragraph 30 of Plaintiff's Complaint are intended to allege any form of liability or wrongdoing on the part of Defendants, the allegations are specifically denied.

31. Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of Plaintiff's Complaint.

///

///

///

## COUNT ONE

**(Violation of Civil Rights Pursuant to 42 C.F.R. § 1983)**

34. Defendants deny the allegations set forth in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of Plaintiff's Complaint.

## COUNT TWO

**(Wrongful Death Pursuant to A.R.S. § 12-611, et seq.)**

43. Because paragraph 43 of Plaintiff's Complaint realleges each and every allegation of paragraphs 1 through 42 of Plaintiff's Complaint, Defendants incorporate herein by this reference their responses to paragraphs 1 through 42 of Plaintiff's Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations set forth in paragraph 47 of Plaintiff's Complaint.

## COUNT THREE

### (Punitive Damages)

48. Because paragraph 48 of Plaintiff's Complaint realleges each and every allegation of paragraphs 1 through 47 of Plaintiff's Complaint, Defendants incorporate herein by this reference their responses to paragraphs 1 through 47 of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of Plaintiff's Complaint.

Defendants specifically deny each and every allegation of Plaintiff's Complaint not expressly admitted herein.

Defendants deny that Plaintiff is entitled to her prayer for relief.

## AFFIRMATIVE DEFENSES

1. For their first and separate affirmative defense, Defendants allege that they acted both reasonably and lawfully at all times relevant to this case.

2. For their second and separate affirmative defense, Defendants allege that all officials/employees/agents of the City of Page acted both reasonably and lawfully at all times relevant to this case.

3. For their third and separate affirmative defense, Defendants allege that, at all times relevant hereto, they acted in good faith and dealt with Plaintiff in a fair and equitable manner.

- 11 -

4. For their fourth and separate affirmative defense, Defendants allege that, at all times relevant hereto, the officials/employees/agents of the City of Page acted in good faith and dealt with Plaintiff in a fair and equitable manner.

5. For their fifth and separate affirmative defense, Defendants allege that the alleged conduct was justified pursuant to A.R.S. section 13-401, *et seq.*

6. For their sixth and separate affirmative defense, Defendants allege that Plaintiff failed to comply with A.R.S. section 12-821.01, Arizona's Notice of Claim Statute.

7. For their seventh and separate affirmative defense, Defendants allege that they are entitled to the protections afforded by A.R.S. section 12-820.02.

8. For their eighth and separate affirmative defense, Defendants allege that they are entitled to the immunities and defenses set forth in A.R.S. section 12-820, *et seq.* (A.R.S. Title 12, chapter 7, article 2, entitled "Public Entities Or Public Employees").

9. For their ninth and separate affirmative defense, Defendants allege that they are entitled to rely upon, and are protected by, the doctrines of qualified or absolute immunity.

10. For their tenth and separate affirmative defense, Defendants allege that they are entitled to rely upon, and are protected by, one or more common law immunity defenses.

11. For their eleventh and separate affirmative defense, Defendants allege that they are entitled to all privileges, immunities and defenses extended to public entities and public employees pursuant to state and federal law.

12. For their twelfth and separate affirmative defense, Defendants allege assumption of risk.

13. For their thirteenth and separate affirmative defense, Defendants allege that Plaintiff is at fault, in whole or in part, for any damages that Plaintiff suffered.

14. For their fourteenth and separate affirmative defense, Defendants allege that other named or unnamed parties are at fault, in whole or in part, for any damages suffered by Plaintiff. This includes, but is not limited to William D. Foust.

15. For their fifteenth and separate affirmative defense, Defendants allege that there is no causal nexus between Plaintiff's alleged injuries and Defendants' actions or inactions.

16. For their sixteenth and separate affirmative defense, Defendants allege that any damages suffered by Plaintiff were the result of an intervening/superseding cause or occurred as a result of the negligence, gross negligence, or intentional acts of someone or some entity other than Defendants.

17. For their seventeenth and separate affirmative defense, Defendants allege the defense set forth in A.R.S. section 12-712.

18. For their eighteenth and separate affirmative defense, Defendants allege the defense set forth in A.R.S. section 12-716.

19. Additional facts may be revealed by future discovery that support additional affirmative defenses available to, but presently unknown, by Defendants. Accordingly, Defendants incorporate by reference all of the affirmative defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

Having fully answered Plaintiff's Complaint, Defendants respectfully request that this action be dismissed, that Plaintiff be ordered to pay the costs and attorneys' fees incurred by Defendants and for any further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 30th day of November, 2012.

**GRASSO LAW FIRM, P.C.**

By   /s/Robert Grasso, Jr.
    Robert Grasso, Jr.
    2430 West Ray Road, Suite 3
    Chandler, Arizona  85224
        Attorneys for Defendants

///

///

///

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

2  I hereby certify that on this 30th day of November, 2012, I electronically transmitted the

3  attached document to the Clerk's Office using the CM/ECF System for filing and transmittal

4  of a Notice of Electronic Filing to the following CM/ECF registrants:

5  Jeff Bouma, Esq.
**WILENCHIK & BARTNESS, P.C.**
6  2810 North Third Street
Phoenix, Arizona 85004
7      *Attorneys for Plaintiff*

8  Greg Clark, Esq.
**LAW OFFICE OF GREG CLARK**
9  45 West Jefferson Street, 14th Floor
Phoenix, Arizona 85003
10     *Attorneys for Plaintiff*

11

12  By  /s/H. Patrick

- 14 -