WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon E. Foust, et al., | No. CV-12-08115-PCT-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Page, City of, et al., | |
| Defendants. | |

Plaintiffs have filed a motion for reconsideration of the Court's May 6, 2014 order granting in part Defendant's motion for summary judgment. Doc. 101. Defendants have responded to the motion, per the Court's request. Doc. 108. For the reasons stated below, the motion will be denied.[1]

**I.   Background.**

In its May 6, 2014 order, the Court dismissed the claims brought by Brynn and Shannon Foust under 42 U.S.C. § 1983. Doc. 99 at 5-6. Although the Ninth Circuit has recognized that "adult and minor children ha[ve] a cognizable liberty interest in their relationship with their father," *Smith v. City of Fontana*, 818 F.2d 1411, 1419 (9th Cir. 1987), the Court found that Plaintiffs had not alleged that Decedent's death deprived them of their father's love, comfort and support. Doc. 99 at 5-6. Rather, the Complaint alleged only § 1983 claims on the Decedent's behalf. Because such claims are personal

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

to the Decedent, and the Decedent's estate is not a plaintiff in the case, these claims were dismissed.

**II.    Analysis.**

In their motion for reconsideration, Plaintiffs claim that they did, in fact, allege deprivation of their relationship with their father, and that the Court's order was therefore erroneous. Doc. 101. Specifically, Plaintiffs point to the notice of claim letter that was attached to the Complaint, in which they describe their expectation that they would continue to have the love, support, comfort, and protection of their father in the future, and how his untimely death deprived them of that relationship and caused emotional harm. Doc. 1 at 28. Plaintiffs also note that in the Complaint's Prayer for Relief they sought damages to compensate for their "loss of the due process and liberty interest in the companionship of their father." *Id*. at 11. Finally, they argue that Defendants had actual notice that their § 1983 claims were for loss of Decedent's "love, comfort and support" because Defendants' counsel asked Plaintiffs questions about the nature of their relationship with their father during their depositions. Doc. 101 at 3.

In response, Defendants note that the notice of claim letter is not a "written instrument" within the meaning of Rule 10(c) of the Federal Rules of Civil Procedure and its substance cannot, therefore, be considered part of the pleading. Doc. 108 at 2. They further assert that the notice of claim letter was only cited in the Complaint to show compliance with Arizona's notice of claim statute, and that Plaintiffs never incorporated by reference or even referred to any of the letter's substance. *Id*. at 4-5. Finally, Defendants dismiss Plaintiffs' argument that they were on actual notice of the nature of the § 1983 claim, and note that information about the nature of the relationship between the Decedent and his daughters is also relevant to Plaintiffs' remaining wrongful death claim. *Id*. at 5-6.

**A.    Notice of Claim.**

Under Rule 10(c), "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

"A 'written instrument' within the meaning of Rule 10(c) 'is a document evidencing legal rights or duties or giving formal expression to a legal act or agreement, such as a deed, will, bond, lease, insurance policy or security agreement.'" *DeMarco v. DepoTech Corp.*, 149 F. Supp. 2d 1212, 1220 (S.D. Cal. 2001) (citing *Murphy v. Cadillac Rubber & Plastics, Inc.,* 946 F. Supp. 1108, 1115 (W.D.N.Y. 1996); *Black's Law Dictionary* 801, 1612 (6th ed.1990)). The notice of claim was a letter sent to Defendants in compliance with A.R.S. § 12-821.01(a), an Arizona statute requiring advance written notice that a person intends to assert a claim against a public entity or public employee. The notice of claim is intended to put the recipient on notice of the claims to be asserted. It does not memorialize legal rights or duties or give formal expression to a legal act or agreement, and is unlike executed agreements, contracts, deeds, leases, or policies. Plaintiffs have cited no case law that would indicate that a notice of claim fits the description of a written instrument under Rule 10(c), and the case law Plaintiff does cite involves documents that clearly fit the definition of written instrument. *See, e.g.*, *Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978) (considering the contents of a promissory note attached to a complaint).

Further, although Rule 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading," there is no indication in the Complaint that Plaintiffs meant to adopt any of the statements in the notice of claim as allegations of their Complaint. The Complaint only refers to the attached notice of claim in stating that Plaintiffs complied with the Arizona statute. Doc. 1, ¶ 10. Plaintiffs never reference any of the statements within the notice of claim, nor do they "incorporate by reference" the attachment.

Even where a party does explicitly attempt to incorporate statements by reference, the party must still plead the claim with sufficient specificity that the claim is recognizable. It is "not this Court's obligation to attempt to ascertain what arguments

from other [documents] Plaintiffs may be trying to [make]." *D'Agnese v. Novartis Pharm. Corp.*, 952 F. Supp. 2d 880, 886 (D. Ariz. 2013), *appeal dismissed* (Oct. 18, 2013) (citing *Orr v. Bank of Am.*, 285 F.3d 764, 775 (9th Cir. 2002), and *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003)). Specifically in regard to exhibits attached to a complaint, "plaintiff[s] [are] cautioned that it is not the duty of the court to wade through [their] exhibits to determine whether or not [they have] claims cognizable under section 1983." *Pogue v. Yates*, 107CV-01577OWW-SMSPC, 2008 WL 220138 (E.D. Cal. Jan. 25, 2008).

In summary, the notice of claim is not a "written instrument" within the meaning of Rule 10(c) and Plaintiffs made no attempt to incorporate the substance of the notice into the allegations of the Complaint. Statements in the notice of claim therefore are not allegations of the Complaint for purposes of stating claims against Defendants.

### B. Prayer for Relief.

Plaintiffs also argue that they prayed for "an amount sufficient to compensate Plaintiffs . . . for their loss of the due process and liberty interest in the companionship of their father and husband," and that this is proper pleading of a § 1983 claim under the rule stated in *Smith v. City of Fontana*. Doc. 101 at 3.

A prayer for relief is required by Rule 8(a)(3). It is separate from Rule 8(a)(2)'s requirement of a statement of the claim, and does not itself form any part of a plaintiff's actual claims. *Laird v. Integrated Res., Inc.*, 897 F.2d 826, 841-42 n.69 (5th Cir. 1990); *Pension Benefit Guar. Corp. v. E. Dayton Tool & Die Co.*, 14 F.3d 1122 (6th Cir. 1994); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949); *Greene v. Bowen*, 639 F. Supp. 554, 562 (C.D. Cal. 1986), *remanded on other grounds*, 844 F.2d 791 (9th Cir. 1988); *Charles v. Front Royal Volunteer Fire & Rescue Dep't., Inc.*, 5:13CV00120, 2014 WL 1906835 (W.D. Va. May 13, 2014); 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1255 (2d ed. 1990). Plaintiffs cite no authority that a prayer for relief or demand for damages can or should be interpreted as part of the substantive complaint.

Further, the Court is unpersuaded by Plaintiffs' argument that Defendants had actual notice that their § 1983 claim was for the loss of their relationship with their father. Information about the nature of the relationship between the Decedent and his daughters may well have been sought for other purposes, including Plaintiffs' wrongful death claim, and did not necessarily reflect knowledge of an unpled § 1983 claim.

**IT IS ORDERED** that Plaintiff's motion to reconsider (Doc. 101) is **denied**.

Dated this 8th day of July, 2014.

_____
David G. Campbell
United States District Judge