Robert Grasso, Jr. – Bar No. 015087
**GRASSO LAW FIRM, P.C.**
2430 West Ray Road, Suite 3
Chandler, Arizona  85224
Telephone (480) 730-5553
*rgrasso@grassolawfirm.com*
Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**IN AND FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| FIRST LIEUTENANT SHANNON E. FOUST, US Army, Individually and On Behalf of Statutory Beneficiary, Brynn Foust D'Avello,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PAGE, et al.<br><br>Defendants. | Case No.  3:12-cv-08115-DGC<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' 1ST MOTION *IN LIMINE* TO PROHIBIT TESTIMONY AND EVIDENCE REGARDING WILLIAM FOUST'S SOVEREIGN CITIZENS BELIEFS/MEMBERSHIP** |

Defendants hereby respond to and oppose Plaintiffs' 1st Motion *in Limine*. Decedent William Foust's membership as a "Sovereign Citizen" is directly relevant to the issues in this case.  These issues include Decedent's reputation in the community, intent during his interaction with Officer Wilson, and specific events that occurred during their interaction.

First, Plaintiffs intend to present evidence of Decedent's "standing in the community as a businessman and entertainer" as part of their case. (Dkt. 133, pp. 5-9.)  Plaintiffs want to portray Decedent as a peaceful, gentle husband and father who worked at his business and played in a local band.  This includes Decedent's professed "positive and peaceful" view on police officers and police authority, and Decedent's specific interactions with police officers in past situations.  Plaintiffs intend to call witnesses to testify on these issues and have designated numerous portions from witness depositions to this same effect.

Plaintiffs cannot present only one side of Decedent's "community reputation," without presenting the entire story.  In reality, a large part of Decedent's "community reputation" was his vocal and active participation in the Sovereign Citizens movement.  His putative wife called this political movement "his passion." (Dkt. 86, ¶¶ 12-15.)  The evidence will show

that Decedent spoke at Sovereign Citizens meetings and held himself out as the "Chief Justice of the Republic of Arizona." (Dkt. 133, at p. 22, Exh. 200.) Even Plaintiffs believed that Decedent's reputation in this group was important, as they devoted a large paragraph to this issue in their Notice of Claim, attached to their Complaint:

> Mr. Foust was a known figure who held and followed a distinct, constitutionally based political belief which was well known to City and police officials, as well as others in and around the City of Page. Because his political beliefs necessarily brought him into contact with law enforcement, judges and public officials, the City of Page, the Page Police Department and the Police Chief had a distinct and individual responsibility to ensure that the Officers were aware that Mr. Foust, while politically active, was non-violent.

(Dkt. 1, at p. 25.) If Plaintiffs are permitted to present evidence of Decedent's reputation in the community, then ***all*** evidence of his reputation should be admissible.

Second, rather than simply relying on the undisputed events of June 19, 2011, Plaintiffs want to submit evidence of Decedent's supposedly law-abiding nature and respect for authority to support their arguments about Decedent's intent during his interaction with Officer Wilson. Plaintiffs plan to introduce evidence that Decedent had peacefully interacted with police officers and other legal authorities on prior occasions, he was respectful, and he submitted to their authority. Plaintiffs blame the outcome on June 19, 2011, on Officer Wilson's alleged "escalation" of the events, rather than Decedent's aggressiveness and refusal to comply with Officer Wilson's lawful exercise of authority.

Again, Plaintiffs cannot present just one side of the story. In reality, as part of his self-proclaimed title of "Chief Justice of the Republic of Arizona," Decedent believed that Officer Wilson had no lawful authority. State and local governments were merely a "De Facto Government Corporation." Police officers were "actors" who are wearing "costumes" and who are part of a play. There were only ten (10) legitimate statutes, and all other statutes were mere "policies" to which a Sovereign Citizen (like Decedent) must consent to submit. These video-recorded statements come directly from Decedent speaking at Sovereign Citizens meetings, and they are evidence that he believed Officer Wilson lacked any lawful authority. (Dkt. 133, at p. 22, Exh. 200.) Such evidence directly rebuts Plaintiffs' evidence

concerning Decedent's alleged respect for law enforcement and their arguments that Decedent intended to submit to Officer Wilson's lawful commands.

Finally, Decedent's Sovereign Citizen activities are directly relevant to the events on June 19, 2011. When Officer Wilson was trying to speak with Toni about her allegations, Decedent repeatedly interrupted and told Officer Wilson to leave the business. Officer Wilson stated that he would continue to speak with Toni. Decedent then made a statement about being a "U.S. citizen," retrieved a document called "Public Servant Questionnaire," and started to fill in the information. The first paragraph of the form read: "This questionnaire must be filled-out by any public servant before he can ask the citizen any question. Federal law . . . authorizes this." The form contained 21 lines to be completed and a signature line for the "public servant" to sign "under the penalty of perjury." Officer Wilson saw the document and responded, "I told you I'd be out to talk to you in a minute. Your paperwork means nothing to me." Decedent asked Officer Wilson for his name and then wrote "Officer Wilson" on line 1 of the form. (Dkt. 86, ¶¶ 40-42.)

Plaintiffs' law enforcement expert believed this exchange was significant enough to offer two paragraphs of opinions about it:

> . . . Mr. Foust pulled out some documentation that he used as a member of a group commonly referred to as "Sovereign Nation." Officer Wilson admittedly dismissed this . . . . This type of behavior on the part of a person being confronted by an officer can result in what is termed "contempt of cop." This is often considered an affront to an officer's authority and when an officer perceives that the subject being confronted refuses to acquiesce to the officer.
> . . .
> Police throughout the country are aware of the Sovereign Nation movement. It has caused policing problems for local agencies where it has been active. In a city like Page, . . . it would be extremely unlikely that local officers would not be familiar with the movement and persons involved in the movement.

(Dkt. 92-23, ¶¶ 33, 34.) Decedent's Sovereign Citizen membership is directly relevant to the events that occurred on June 19, 2011, as expressly acknowledged by Plaintiffs' own expert.

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' 1st Motion *in Limine*.

///

- 3 -

1  RESPECTFULLY SUBMITTED this 22nd day of August, 2014.

**GRASSO LAW FIRM, P.C.**

By    /s/Robert Grasso, Jr.
Robert Grasso, Jr.
2430 West Ray Road, Suite 3
Chandler, Arizona 85224
   Attorneys for Defendants

- 4 -

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of August, 2014, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jeff Bouma, Esq.
**WILENCHIK & BARTNESS, P.C.**
2810 North Third Street
Phoenix, Arizona 85004
   *Attorneys for Plaintiff*

Greg Clark, Esq.
**LAW OFFICE OF GREG CLARK**
45 West Jefferson Street, 14th Floor
Phoenix, Arizona 85003
   *Attorneys for Plaintiff*

By /s/R. Nelson

- 5 -