**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

First Lieutenant Shannon Foust, et al.,

                Plaintiffs,

v.

City of Page, et al.,

                Defendants.

No. CV 12-08115-PCT-DGC

**ORDER SETTING TRIAL**

      A Final Pretrial Conference was held on August 29, 2014.  Counsel appeared on behalf of Plaintiffs and Defendants.

      **IT IS HEREBY ORDERED:**

      1.      Trial in this matter shall begin on **December 10, 2014, at 9:00 a.m.**

      2.      The trial shall last 7 days (**December 10-12 and 16-19, 2014**).  Plaintiffs shall be allotted 17 hours of trial time and Defendants shall be allotted 16 hours of trial time.  The Court will keep track of each side's time.  Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' time.

      3.      A final conference shall be held on **December 8, 2014, at 4:30 p.m.** in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

      4.      The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case.  The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure,

shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5. The Court **grants** Plaintiffs' Motion in Limine 1 regarding evidence about Decedent Mr. Foust's sovereign citizen beliefs. Doc. 128. Plaintiffs assert that Officer Wilson was not aware of Foust's political beliefs on the day in question, and Defendants do not contend otherwise. The Court concludes that evidence concerning those beliefs is irrelevant to whether Wilson acted negligently on the day in question and whether Foust's actions, which were observed by witnesses and captured in part on video, were a contributory fault. The Court also concludes that the probative value of Foust's political beliefs is substantially outweighed by the danger of jury confusion and undue delay under Federal Rule of Evidence 403. Defendants' primary argument is that the evidence is needed to counter Plaintiffs' anticipated evidence that Foust was a peaceful, law abiding citizen, but the Court has not ruled that such evidence is admissible. If Defendants believe that Foust's political beliefs become relevant during the course of trial, they may raise the issue with the Court outside the hearing of the jury. This ruling does not preclude evidence regarding the document Foust apparently produced and began to fill out during the interaction with Wilson on the day in question.

6. The Court **denies** Plaintiffs' Motion in Limine 2. Doc. 129. Plaintiffs ask the Court to approve the use of certain exhibits and exemplars during their opening statement, but Plaintiffs apparently have not shown the specific exhibits to defense counsel. They should do so after the final pretrial conference, and the Court will then address any objections by Defendants at the final conference scheduled below. In addition, the number and nature of the exhibits suggest that Plaintiffs are planning a lengthy opening statement designed to persuade the jury. An opening statement is not argument, and should be limited to an overview of what the party expects the evidence to show. More detailed attempts at persuasion should be reserved for closings.

7.     The Court **denies** Plaintiffs' Motion in Limine 3.  Doc. 130.  Plaintiffs ask the Court to preclude Defendants from referring to the 911 call as a domestic violence call.  In response, Defendants quote portions of the subsequent radio exchange in which the dispatcher refers to the call as a "domestic" and Officer Wilson refers to it as a "DV."  In addition, once Wilson arrived at the scene, Toni Foust suggested that she had been threatened by Foust.  In light of these facts, the Court will not attempt in advance of trial to limit the way in which counsel or witnesses describe the call.  If Plaintiffs' counsel believes during trial that Defendants are describing the call in an unfairly prejudicial manner, they may object and the Court will rule.

8.     The Court **denies** Plaintiffs' Motion in Limine 4.  Doc. 131.  Plaintiffs ask the Court to instruct the jury that the knowledge of various city employees is attributable to the city, and to permit Plaintiffs to present evidence and argument to the jury concerning the city's alleged failure to disclose what various city employees knew about Officer Wilson.  The basis for this request is Defendants' alleged failure to disclose this information in discovery, but the written discovery requests identified by Plaintiffs (Interrogatories 2, 5, 7, 9, and 14 and Requests for Production 1 and 4), each of which the Court has reviewed, do not clearly call for it.  Moreover, this is, in effect, a motion for sanctions under Rule 37(d) that does not comply with Rule 37(d), nor does it address the legal standard and level of culpability required for what would be, in effect, a request for an adverse inference instruction.

9.     The Court **grants in part and denies in part** Defendants' Motion in Limine regarding character and other acts.  Doc. 114.   Defendants' motion concerns several difference categories of alleged character evidence.  Defendants ask the Court to exclude the evidence under Rules 403 and 404.

a.     <u>Ray Finley</u>.  The Court will **grant** the motion with respect to the testimony and related documents of Ray Finley.  Finley asserts that Officer Wilson has targeted and harassed him for several years, following him to obtain a DUI arrest, cursing

at him, and behaving in a threatening manner.  Finley also believes Wilson stole $1,200 from him during an arrest.  Finley has filed several complaints with the City, and opines that Wilson is a petty, vindictive bully who abuses his power.  Plaintiffs seek to present this evidence to show that Wilson targets those against whom he has a grudge and did so with respect to Foust in this case, and to show the City's negligence in failing to control Wilson.

The relevancy of this evidence is marginal.  The evidence does not concern the events of June 19, 2011, and its probative value with respect to Officer Wilson's actions on that day is very indirect.  The evidence does not concern any use of force incident, and its relevancy to the City's negligence in retaining him is therefore also indirect with respect to the events of June 19, 2011.  The Court concludes that the probative value of this marginally relevant evidence is substantially outweighed by the danger of unfair prejudice.  The evidence presents the clear possibility that the jury would rule against Wilson and the City because he is a bad person.  The marginal relevancy is also substantially outweighed by the danger of confusing the jury as to what is actually at issue in this case, and the undue delay that would result from a mini-trial on the various accusations made by Mr. Finley.

b.      John Barrett and Cory Johnston.  For the same reasons, the Court will **grant** the motion with respect to the testimony of John Barrett and Cory Johnston. They both would testify in support of Finley's allegations.

c.      Ernest Rubi.  The Court will **grant** the motion with respect to Rubi's proposed testimony about exchanges with Wilson and the City over the construction of a firing range, Wilson's alleged illegal construction, Wilson's letter to the City seeking to have Rubi fired, and Wilson's cursing at Rubi and his wife in a parking lot (Doc. 92-6, ¶¶ 11-13 and 21).  This evidence is largely irrelevant to this case and, for reasons explained above with respect to Finley's testimony, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the jury, and delay of the trial.  The Court will

**deny** the motion with respect to the topics addressed in the remainder of Rubi's affidavit (Doc. 92-6).  The Court finds this evidence directly relevant to Plaintiffs' claims against the City for negligent retention and supervision of Wilson.  The Court will address below whether some of this evidence should be excluded under Rule 37(c) for non-disclosure.

        d.    <u>Jared Rubi and related exhibits</u>.  The testimony of Jared Rubi, and various documents related to Ernest Rubi's testimony, are offered in support of the testimony of Ernest Rubi.  The Court cannot at this time determine which portions of Jared's testimony and which documents would be admissible, and therefore **denies** the motion with respect to Jared Rubi.  The Court will rule on objections during trial.

        e.    <u>Bruce Foster and related exhibits</u>.  Bruce Foster alleges that Wilson and other officers harassed him in 2008 by stopping his car and submitting it to a drug search by drug-sniffing dogs.  Foster wrote a letter of complaint to the City.  In addition, Foster was sued by Wilson for allegedly distributing leaflets regarding Wilson masturbating behind a school.  The Court will **grant** the motion with respect to Foster and his related exhibits for the same reasons it granted the motion with respect to Finley and his evidence.

The relevancy of this evidence is marginal.  The evidence does not concern the events of June 19, 2011, and its probative value with respect to Officer Wilson's actions on that day is very indirect.  The evidence does not concern any use of force incident, and its relevancy to the City's negligence in retaining him is therefore also indirect with respect to the events of June 19, 2011.  The Court concludes that the probative value of this marginally relevant evidence is substantially outweighed by the danger of unfair prejudice.  The evidence presents the clear possibility that the jury would rule against Wilson and the City because he is a bad person.  The marginal relevancy is also substantially outweighed by the danger of confusing the jury as to what is actually at issue in this case, and the undue delay that would result from a mini-trial on the various accusations made by Mr. Foster.

f.      April 10, 2007 memorandum.  The Court will **grant** the motion with respect to this memorandum, which concerns City of Page Police Department policy regarding transporting intoxicated juveniles and the actions of Wilson that contributed to this policy.  The memorandum and related events have no relevancy to the events at issue in this case and are remote in time.

g.      Wilson's juvenile infractions.  The Court will **grant** the motion with respect to these minor infractions, which have nothing to do with this case.

h.      Flyer.  The Court will **grant** the motion with respect to this flyer, which relates to rumors about Wilson's alleged inappropriate activity behind a school. The flyer and the events related to it are inadmissible for reasons described above with respect to witnesses Finley and Foster.

These rulings preclude not only the evidence addressed above, but questions of witnesses about the subjects found inadmissible above.

10.      Defendants move to exclude the testimony of Ernest Rubi under Rule 37(c). Doc. 115.  Plaintiffs first disclosed Rubi as a witness in interrogatory responses provided on June 14, 2013, about six weeks before the close of discovery.  Plaintiff listed three topics on which Rubi would testify.  On January 31, 2014, Plaintiffs attached an affidavit from Rubi to their summary judgment briefing.  Doc. 92-6.  The affidavit included more subjects than Plaintiffs had disclosed during the discovery period.

The Court will **deny** the motion with respect to the subjects disclosed on June 14, 2013.  Under Rule 26(e), Plaintiffs were not required to include the subjects in a supplemental Rule 26(a) disclosure in light of the fact that they had disclosed them in interrogatory responses.  *See* Fed. R. Civ. P. 26(e).  Thus, the only nondisclosure that is potentially subject to sanctions is the failure to disclose the additional information revealed in Rubi's affidavit.  Plaintiffs argued at the final pretrial conference that the late disclosure was substantially justified because the City failed to disclose efforts undertaken by City personnel to discourage Rubi's complaints.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Following the final pretrial conference, the parties submitted additional documents to the Court. These include deposition excerpts in which the Rubi complaint was addressed as well as the City's internal investigation file with respect to the Rubi complaint. After reviewing these documents, the Court concludes that they provided no basis for Plaintiffs to understand Rubi's allegations that he was pressured to drop his complaint about Wilson, nor did they concern meetings and statements Rubi apparently later described to Plaintiffs' counsel. Rubi now lives in Colorado, and Plaintiffs' counsel has asserted that he did not know the details contained in Rubi's affidavit until he located Rubi and questioned him. The Court concludes that Plaintiffs' counsel's failure to disclose the additional matters contained in the Rubi affidavit was substantially justified by the very limited nature of the information regarding those matters contained in the City's file. The motion will therefore be **denied**.

11. The Court **grants** Defendants' Motion in Limine regarding prescription medication. Doc. 116. Plaintiffs seek to admit evidence that Wilson has taken anti-anxiety medication for several years and was taking it at the time of the events at issue in this case. Plaintiffs claim this evidence is relevant to the supervision of Wilson by Chief Dennis – who apparently did not know about the medication – and Wilson's credibility. Plaintiffs do not argue that the medication affected Wilson's behavior during the events at issue in this case. The Court finds this evidence to be irrelevant. It has no bearing on what occurred on June 19, 2011. Even if it could be viewed as having some marginal relevance to Chief Dennis' supervision of Wilson, the Court concludes that such marginal relevance would be substantially outweighed by the danger of unfair prejudice, jury confusion, and delay of the trial under Rule 403.

12. The Court **denies** Defendants' Motion in Limine regarding Plaintiffs' expert (Doc. 117), but with some observations. Defendants argue that several opinions provided during the expert's deposition were not disclosed in the expert's report and therefore must be excluded. The Court does not agree. The Court rigorously holds

- 7 -

experts to what is disclosed in their reports, but when opposing counsel open the door to the additional opinions in a deposition, those opinions are disclosed in the expert-disclosure process and may be used at trial. The Advisory Committee Notes to Rule 26 make clear that the purpose of Rule 26(b)(2)(B) reports is to reveal the experts testimony and, in many cases, to do away with the need for a deposition. Yet counsel too often not only choose to depose an expert, but also to elicit additional opinions from the expert. Counsel need not do so. Depositions, if truly required, can be taken on disclosed opinions without eliciting new opinions. When new opinions are invited during a deposition, the Court's practice is to permit their introduction at trial.

The Court cannot at this stage determine which opinions by the experts will be admissible and which will not be. Those decisions must be made in the context of trial and in light of relevant objections. But the Court does have a few observations. It is not proper for experts to opine on or interpret the law. If the parties wish to have the jury instructed on the law, they should seek an instruction from the Court. It is true, however, that some expert opinions necessarily intersect with legal principles. Whether such opinions cross the line into advising the jury on the law is a question that must be determined during trial. In addition, police practices experts generally are not, on the basis of that expertise, qualified to opine on the reasonableness of actions by regular citizens. That issue generally is for the jury to decide. Police practices experts may testify, however, about how officers should respond to citizen actions and which citizen actions they are trained to anticipate.

13. The Court **grants** Defendants' Motion in Limine regarding shooting dynamics. Doc. 118. The motion seeks to prevent the medical examiner from providing expert opinions under Rule 702 about the manner in which Foust was shot and how he was standing when shot. Plaintiffs state in their response that they do not intend to elicit such Rule 702 opinions. Nor could they, given their failure to disclose them under Rule 26(a)(2)(A) and (C).

This ruling does not prevent Plaintiffs from presenting factual testimony through the medical examiner concerning the results of his autopsy.  Nor does it prevent Plaintiffs from arguing to the jury that the left-side entry wound found in the autopsy is consistent with Foust turning away from Wilson at the point of the shooting, and inconsistent with Wilson's testimony that Foust was charging.

14.    The Court **grants** Defendants' Motion in Limine regarding undisclosed witnesses and photographs.  Doc. 119.  Plaintiffs do not dispute that witnesses Costello and Scheel and the Costello photographs were not disclosed as required by Rule 26(a), nor do they argue that their late disclosure was substantially justified or harmless.  The witnesses and exhibits therefore may not be used at trial under Rule 37(c)(1).

15.    The Court **grants** Defendants' Motion in Limine regarding opinion testimony of Shannon Foust.  Doc. 120.  Plaintiffs assert in response to the motion that Shannon Foust may provide lay opinion testimony on what Officer Wilson should have done during the confrontation with her deceased father, but they do not (1) dispute that they failed to identify this subject of Ms. Foust's testimony in their Rule 26(a)(1)(A) disclosures or in any supplements, (2) dispute that Ms. Foust stated during her deposition that she had no other information relevant to this case, or (3) argue that their late disclosure of this subject is substantially justified or harmless.  Under Rule 37(c)(1), Plaintiffs may not have Ms. Foust testify about this subject at trial.[1]

16.    The Court **grants in part and denies in part** Defendants' Motion in Limine regarding the decedent's alleged pre-death pain and suffering.  Doc. 122. Defendants seek to exclude evidence of any damages based on the decedent's pre-death pain and suffering.  Plaintiffs do not oppose that part of the motion, conceding that they

---

[1] Following the final pretrial conference, Plaintiffs filed a supplement response with respect to this motion.  Doc. 151.  The supplemental response attaches excerpts from Ms. Foust's deposition in which she describes her general views as to why she has sued Defendants.  The excerpts do not alter the Court's ruling.  They simply reflect her understanding of the nature of the claims in this case and do not include opinion testimony about whether or how Officer Wilson should have defused the situation.

cannot recover for Mr. Foust's pain and suffering.  The Court will not, however, preclude Plaintiffs from asserting, and presenting evidence, that Wilson's actions after the shooting reflected indifference to Mr. Foust's condition.   This includes evidence regarding Mr. Foust's moaning and heavy breathing while Wilson was still at the scene. The Court finds this evidence relevant to Wilson's actions during the events in question, and does not find that its probative value is substantially outweighed by the danger of unfair prejudice.  The Court will instruct the jury that their decision is to be based on the evidence, not on any opinion, prejudice, or sympathy.

17.    The Court **denies** Defendants' Motion to Bifurcate.  Doc. 123.  Defendants argue that evidence related to the negligent supervision claim will unduly prejudice the jury in deciding the wrongful death claim.  Given the Court's efforts to narrow and focus the evidence and issues in the above rulings, and the presumption (and the Court's experience) that juries follow instructions and segregate evidence where required, the Court does not agree.  The Court concludes that the most efficient resolution of this case will be in a single trial.

18.    Dennis Deposition.   The Court has reviewed the transcript from the discovery conference call held on September 11, 2013.   During that call Plaintiffs' counsel raised the fact that Chief Dennis was not prepared for his deposition and was unable to recall most of the matters related to this case.  The Court suggested during the call that Plaintiffs address that issue in a motion in limine.  Plaintiffs raised it at the final pretrial conference.   Unless Defendants are willing to agree that Chief Dennis will provide no more information about this case in his trial testimony than he provided in his deposition, the Court concludes that Plaintiffs should be afforded an opportunity to depose him before trial.  Defense counsel shall notify Plaintiffs' counsel within **seven days of this order** whether they intend to have Chief Dennis testify about matters at trial that he could not recall during his deposition.  If so, Plaintiffs may take a trial deposition, at a time agreed upon by the parties, after Chief Dennis has prepared for his trial

testimony.

19.     The parties shall hold a settlement conference with Magistrate Judge Burns on or before **October 31, 2014**.   The parties promptly shall notify the Court if a settlement is reached.

Dated this 5th day of September, 2014.

David G. Campbell
United States District Judge